# EXHIBIT A

*Served 26 July 2012 @ 9:15 a.m.*

*JGV g 1*

STATE OF MINNESOTA                                  DISTRICT COURT

COUNTY OF RAMSEY                                    SECOND JUDICIAL DISTRICT

---

Civil No.: _____

Michele Barnhart,

    Plaintiff,

**SUMMONS**

vs.

HealthPartners, Inc.,

    Defendant.

---

THIS SUMMONS IS DIRECTED TO DEFENDANT HEALTHPARTNERS, INC.

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons a written response called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

    HALUNEN & ASSOCIATES
    1650 IDS Center
    Minneapolis, MN 55402
    612-605-4098

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS**

1

SUMMONS. If you do not Answer with 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to context the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated this 24th day of June, 2012

HALUNEN & ASSOCIATES

_____
Clayton D. Halunen, # 219721
Barbara J. Felt, # 228564
Ross D. Stadheim, # 392475
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099

*ATTORNEYS FOR PLAINTIFF*

2

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |

Court File No.: _____

Michele Barnhart,

    Plaintiff,

v.

HealthPartners, Inc.,

    Defendant.

**COMPLAINT AND JURY DEMAND**

Plaintiff, Michele Barnhart ("Plaintiff"), for her Complaint against HealthPartners, Inc. ("Defendant"), states and alleges as follows:

## PARTIES

1. Plaintiff is resident of the City of Woodbury, County of Washington, State of Minnesota.

2. Defendant is a health care provider that has a facility known as Regions Hospital located in the City of St. Paul, County of Ramsey, State of Minnesota.

3. At all times relevant to this lawsuit, Plaintiff and Defendant were "employee" and "employer," respectively, as those terms are defined in Minn. Stat. § 363A.03.

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked as the violations occurred in the State of Minnesota and involve state and federal law.

1

5. Venue is appropriate because Defendant transacts a substantial amount of business in the State of Minnesota and the facts giving rise to this action occurred in the State of Minnesota, County of Ramsey.

## FACTS

6. Defendant employed Plaintiff as an Administrative Assistant in neurosurgery from January 4, 2008 until her termination on February 3, 2012 at Regions Hospital in St. Paul, Minnesota.

7. In March 2010, Plaintiff was diagnosed with Factor V Leiden, a chronic blood disorder, which requires frequent transfusions and weekly blood work. Shortly after her diagnosis, Plaintiff's supervisor, Jill Goring ("Goring"), granted Plaintiff flexible start times between 8 a.m. and 9 a.m. Goring further agreed that, if Plaintiff had to be late, that time would be deducted from the twelve weeks of Family and Medical Leave Act ("FMLA") leave available to Plaintiff annually.

8. Plaintiff's condition constitutes a disability under the Minnesota Human Rights Act ("MHRA") Minn. Stat. § 363A.01 et. seq.

9. In or around September 2010, Plaintiff was assigned a new supervisor, Linda Moses ("Moses"). Moses agreed that Plaintiff's flexible start time schedule would continue.

10. Plaintiff tried to schedule her weekly transfusions in the morning before work because Moses told Plaintiff she always needed to cover the telephones for coworker Melinda Cortez ("Cortez") who left daily at 2 p.m. Defendant refused to accommodate Plaintiff if she needed to schedule mandatory transfusions in the afternoon.

2

11. Because of the difficulty Plaintiff had in scheduling her weekly medical procedures, Plaintiff was forced to use her vacation time if she could not schedule her appointments in the morning.

12. On January 12, 2012, Plaintiff suffered a head injury while off-duty. Plaintiff was subsequently taken to the emergency room. Plaintiff called Cortez's work telephone the morning of January 13, 2012 and left a voicemail that apprised Cortez of her situation. Plaintiff called again and informed Cortez that she would be unable to come into work, due to her injury. Cortez said she would relay this information to their supervisors. This is the procedure that Plaintiff and her coworkers had always followed if they had to miss work due to unforeseen circumstances.

13. That same day, Plaintiff received a call from Carol Droegemueller ("Droegemueller"), Nurse Coordinator, requesting that Plaintiff come into work immediately with a note from her physician. Plaintiff told Droegemueller that she was still in the hospital, but would provide Defendant with a note when she returned.

14. Droegemueller called Plaintiff on January 16, 2012 and stated that Moses wanted her to work on January 17, 2012. Plaintiff informed Drogemueller that her physician had advised that she not return to work until January 19th or 20th at the earliest.

15. Plaintiff returned to work on January 17, 2012 and provided Defendant with a note from her primary and emergency room physicians. Plaintiff returned, against her physician's recommendations, because she felt intimidated by this request and determined she had no choice but to report to work early, while still experiencing symptoms of her injury.

3

16. Additionally, Plaintiff was scheduled to have a meeting with her supervisors on January 17, 2012. However, the meeting was rescheduled after Droegemueller and Moses saw Plaintiff's injuries.

17. On January 19, 2012, Plaintiff had a meeting with Droegemueller. Kathy Agerbeck ("Agerbeck") of Human Resources was also in attendance. Plaintiff was informed that she was being suspended, without pay, for her shift on January 20, 2012. Plaintiff was told that the suspension was for previous times she failed to call in properly. However, the suspension papers Plaintiff received stated the suspension was for "continued excessive tardiness" and for failing to contact her supervisor for absences on December 28, 2011 and January 13, 2012, which is directly related to her Factor V Leiden disability. Plaintiff told both women that her suspension was unfair and discriminatory treatment.

18. On February 1, 2012, Plaintiff filed a formal grievance regarding her suspension. Plaintiff's grievance stated that she felt blindsided and that Defendant changed the rules for her. When other employees unexpectedly missed a day, they were allowed to inform the first person they reached at work, not only their direct supervisor. Additionally, Plaintiff stated that she was forced to come back to work before the dates her physician recommended and that she was being subjected to unfair and discriminatory treatment.

19. On February 3, 2012, Defendant terminated Plaintiff, effective February 17, 2012. Plaintiff's last day of work was February 3, 2012.

20. On February 6, 2012, Plaintiff received two phone calls from two former coworkers. Both coworkers informed Plaintiff that Defendant hired a temporary worker to fulfill her exact duties.

21. On February 24, 2012, a coworker contacted Plaintiff and informed her that Defendant permanently hired someone to fill her position. The coworker said the new employee's duties were exactly the same as Plaintiff's. On information and belief, this employee's name is "Kristen."

22. As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered from distress, humiliation and embarrassment, loss of reputation, loss of enjoyment in life, loss of wages and benefits, and has incurred attorneys' fees and other expenses.

## CLAIMS

### COUNT ONE
### VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT

Plaintiff realleges each and every paragraph of this Complaint.

23. Defendant engaged in unlawful employment practices involving Plaintiff in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et. seq*. These practices include, but are not limited to, taking adverse action against Plaintiff, which materially affected the terms, conditions, and privileges of her employment because she took FMLA leave.

24. Plaintiff was retaliated against in the terms, conditions and privileges of her employment after she exercised her FMLA rights.

25. The unlawful employment practices complained above were intentional and were performed by Defendant with malice or reckless indifference to the laws, which protect Plaintiff.

26. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and continues to suffer emotional distress, humiliation, embarrassment, pain and suffering, loss of wages and benefits, and other serious damages.

## COUNT TWO
## DISABILITY DISCRIMINATION IN VIOLATION OF
## THE MINNESOTA HUMAN RIGHTS ACT

Plaintiff realleges each and every paragraph of this Complaint.

27. Defendant, through its managers and officials acting on behalf of the Defendant and within the scope of their employment, engaged in unlawful employment practices involving Plaintiff in violation of the Minnesota Human Rights Act, Minn. Stat. § 363A.01 *et. seq.* These practices include, but are not limited to, taking adverse action against Plaintiff, which materially affected the terms, conditions, and privileges of her employment because of her disability, Factor V Leiden.

28. Plaintiff's disability was a motivating factor in her termination.

29. Defendant failed to take all reasonable steps to prevent the discrimination based upon Plaintiff's disability from occurring.

30. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affecting her status as an employee because of her disability.

31. The unlawful employment practices complained above were intentional and were performed by Defendant with malice and/or reckless indifference to anti-discrimination laws, which protect Plaintiff.

32. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and continues to suffer emotional distress, humiliation, embarrassment, pain and suffering, loss of wages and benefits and other serious damages.

## COUNT THREE
### FAILURE TO PROVIDE A REASONABLE ACCOMMODATION IN VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT

Plaintiff realleges each and every paragraph of this Complaint.

33. Defendant, through its managers and officials acting on behalf of the Defendant and within the scope of their employment, engaged in unlawful employment practices involving Plaintiff in violation of the Minnesota Human Rights Act, Minn. Stat. § 363A.01 *et. seq.* These practices include, but are not limited to: failing to reasonably accommodate Plaintiff's disability.

34. Defendant repeatedly failed to take all reasonable steps to reasonably accommodate Plaintiff's disabilities.

35. Plaintiff's flexible start time was not a reasonable accommodation.

36. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affecting her status as an employee because of her disability.

37. The unlawful employment practices complained above were intentional and were performed by Defendant with malice or reckless indifference to anti-discrimination laws, which protect Plaintiff.

38. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and continues to suffer emotional distress, humiliation, embarrassment, pain and suffering, loss of wages and benefits, and other serious damages.

## COUNT FOUR
## REPRISAL DISCRIMINATION IN VIOLATION OF
## THE MINNESOTA HUMAN RIGHTS ACT

Plaintiff realleges each and every paragraph of this Complaint.

39. Defendant, through its managers and officials acting on behalf of the Defendant and within the scope of their employment, engaged in unlawful employment practices involving Plaintiff in violation of the Minnesota Human Rights Act, Minn. Stat. § 363A.01 *et. seq.* These practices include, but are not limited to, retaliating against Plaintiff in the terms, conditions, and privileges of her employment after she brought up in a meeting that she was being subjected to wrongful differential and discriminatory treatment and filed a grievance with Defendant that alleged the same.

40. Defendant failed to take all reasonable steps to prevent reprisal discrimination, directed at Plaintiff, from occurring.

41. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affecting her status as an employee because of Defendant's reprisal discrimination.

42. The unlawful employment practices complained above were intentional and were performed by Defendant with malice and/or reckless indifference to anti-discrimination laws, which protect Plaintiff.

43. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and continues to suffer emotional distress, humiliation, embarrassment, pain and suffering, loss of wages and benefits and other serious damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

a. That the practices of Defendant complained of herein be adjudged, decreed, and declared to be violations of the rights secured to Plaintiff by the Family and Medical Leave Act and the Minnesota Human Rights Act.

b. That Defendant be required to make Plaintiff whole for its adverse, discriminatory actions through restitution in the form of back pay, with interest of an appropriate inflation factor.

c. That Plaintiff be awarded front pay and the monetary value of any employment benefits she would have been entitled to in her position with Defendant.

d. That Plaintiff be awarded compensatory damages in an amount to be established at trial.

e. That Plaintiff be awarded punitive damages as permitted by statute.

f. That Plaintiff be awarded treble damages as permitted by statute.

g. That the Court award Plaintiff her attorneys' fees, costs, and disbursements pursuant to state law.

h. That the Court grant such other and further relief as it deems fair and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS WHERE JURY IS AVAILABLE.

Dated this 24th day of July, 2012    HALUNEN & ASSOCIATES

_/s/ Ross D. Stadheim_
Clayton D. Halunen, # 219721
Barbara J. Felt, # 0228564
Ross D. Stadheim, # 0392475
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: 612.605.4098
Facsimile: 612.605.4099

*ATTORNEYS FOR PLAINTIFF*

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorneys' fees may be awarded pursuant to Minn. Stat. § 549.21 to the party against whom the allegations in this pleading are asserted.

Dated this 24th day of July, 2012.

_/s/ Ross D. Stadheim_
Ross D. Stadheim, # 0392475